| **Hersko v Hersko** |
| --- |
| 2025 NY Slip Op 31568(U) |
| April 30, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 520492/2021 |
| Judge: Wayne Saitta |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 29 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 30th day of April 2025.

P R E S E N T :

HON.   WAYNE SAITTA, Justice.

-------------------------------------------------------------X

ABRAHAM HERSKO and MORRIS HERSKO
As CO-EXECUTORS of the ESTATE OF
ISAAC HERSKO a/k/a YITZCHOK SHLOMO
HERSKO,

                          Plaintiffs,

          -against-

BARRY HERSKO a/k/a ZEV DOV HERSKO
a/k/a BEREL HERSKO, BELLA HERSKO,
WILSON-HINS ASSOCIATES, INC, CLARK
WILSON, INC., WILSON PROPERTIES &
EQUITIES, INC., WILSON FLAT, INC., WILSON
HAN ASSOCIATES, INC., WILSON-MER
ASSOCIATES, INC., B. CLARK ASSOCIATES, INC.,
516 KINGSTON, LLC and

ABRAHAM WEISEL, as escrow agent,

                          Defendants.

-------------------------------------------------------------X

Index No 520492/2021

DECISION AND ORDER

MS 45

The following papers read on this motion:

NYSCEF Doc Nos

Notice of Motion/Order to Show Cause/
Petition/Affidavits (Affirmations) and
Exhibits                                          941-957, 959-960
Cross-motions Affidavits (Affirmations)
and Exhibits
Answering Affidavit (Affirmation)                 976-978
Reply Affidavit (Affirmation)
Supplemental Affidavit (Affirmation)

[* 1]

Plaintiffs ABRAHAM HERSKO and MORRIS HERSKO  CO-EXECUTORS of the ESTATE OF ISAAC HERSKO a/k/a YITZCHOK SHLOMO HERSKO   move for an order directing the Sheriff of the County of Kings to convey 50% ownership of the properties subject of this action to the ESTATE OF ISAAC HERSKO; an order directing defendants to pay the ESTATE OF ISAAC HERSKO 50% of all past and future rents, profits, and proceeds from the subject properties; and an order appointing of a receiver to manage the properties.

This action stems from a dispute between two brothers, deceased Plaintiff ISAAC HERSKO and Defendant BARRY HERSKO ("the brothers"), concerning nine Real Properties in Brooklyn, as well as income from various other business ventures undertaken by the brothers.

Plaintiff sought, among other relief, the imposition of a constructive trust on the following nine Real Properties: 1) 553 Hinsdale Street, Brooklyn, NY; 2) 930 Dekalb Avenue, Brooklyn, NY; 3) 279 Kosciuszko Street, Brooklyn, NY; 4) 401 East 21st Street Brooklyn, NY; 5) 666 Hancock Street, Brooklyn, NY; 6) 60 Clarkson Avenue, Brooklyn, NY; 7) 250 Clarkson Avenue, Brooklyn, NY; 8) 270 Clarkson Avenue, Brooklyn, NY; 9) 516 Kingston Avenue, Brooklyn, NY, (collectively, the "Real Properties"), and a declaration that Plaintiff was 50% owner of each Property.

Plaintiff further sought an accounting and money damages relating to income from the Real Properties and from the other businesses.

The Court previously denied a motion by Plaintiff ISAAC HERSKO for an order directing the Sheriff of Kings County to convey 50% of the ownership of the properties to Plaintiff. That motion was based on an order of Judge Karen Rothenberg dated April 21, 2022, which granted Plaintiff's motion for a default judgment.

2

[* 2]

The Court denied the motion on two grounds. First, while Judge Rothenberg granted the motion for a default judgment, no declaratory judgment has been issued. Second, it has not been determined whether Plaintiff was entitled to an imposition of a constructive trust on the real properties or on the shares of the corporations that hold title to the real properties.

Following the death of Plaintiff ISAAC HERSKO, the Court granted a motion by and ABRAHAM HERSKO and MORRIS HERSKO, co-executors of the Estate of ISAAC HERSKO, to be substituted as Plaintiffs.

Plaintiffs argue that that decision, dated February 13, 2025, granting substitution resolved the question of whether Plaintiffs are entitled to 50% ownership of the real properties or of the shares of the corporations.

It has become obvious that the Court's decision of February 13, 2025, has caused some confusion concerning the causes of action for declaratory judgment and a constructive trust. To clarify, the decision did not constitute a declaratory judgment, and the Court has not yet issued a declaratory judgment.

The decision of February 13, 2025, only decided whether ABRAHAM HERSKO and MORRIS HERSKO should be substituted as Plaintiffs for ISAAC HERSKO. The Defendants opposed the motion on the grounds that Plaintiff's claims were based a claim of a partnership and therefore those claims were extinguished upon the death of ISAAC HERSKO. Plaintiff argued in response that his claims relating to the Real Properties were not based on a partnership.

The Court granted the motion for substitution as to the claims relating to the Real Properties and income from those properties, and dismissed the claims related to the

3

brothers' other investments which Plaintiff conceded were based on a claim of a partnership.

The Court, in that decision, held that the Real Properties were not partnership property, but it did not hold or make additional determination as to whether Plaintiffs are entitled to a 50% ownership in the Real Properties or 50% of the shares of the corporations holding title to the properties.

Further, the Court, in its decision, did not make any new determinations as to what traversable facts were admitted by Defendants' default but recited some of the findings made by Judge Rothenberg in her decision granting Plaintiff's motion for a default judgment.

This Court noted that Judge Rothenberg, in her decision granting the motion for a default judgment, found "the complaint, as amplified by plaintiff's affidavit, indicates that plaintiff and his brother Barry entered into a business arrangement for the funding and purchase of distressed real estate wherein plaintiff would provide the money to purchase the properties and Barry would hold (through separate holding corporations) title to each of the purchased properties, with each 50% equitable owners of the properties and sharing equally in the profits."

The Court also noted that Judge Rothenberg held that the Plaintiff had submitted proof of the facts constituting his claims and that Defendants failed to establish a potentially meritorious defense to the action. Judge Rothenberg specifically found that affidavit of Defendant BARRY HERSKO, "does not dispute the allegations contained in the complaint or provide any factual support to establish a defense to the claims."

4

[* 4]

Judge Rothenberg, in her decision, granted Plaintiff's motion for a default judgment finding that Plaintiff had demonstrated entitlement to his claim for a constructive trust and a declaration of a 50% interest in the properties.

As this Court explained in its decision of July 22, 2024, denying Plaintiff's earlier motion for an order directing the Sheriff to convey a 50% interest in the Properties to Plaintiff, the specifics of the relief to be awarded have yet to be determined.

Plaintiff's claims for a declaration and for a constructive trust are equitable in nature, thus it must still be determined whether equity requires imposing a constructive trust on the corporations holding title to the real properties or directly on the real properties. This determination will be made after the inquest where the parties will have an opportunity to address the suitability and ramifications of imposing a trust on the corporations, as opposed to directly on the Real Properties.

Similarly, it is it is not appropriate to issue an order directing Defendants to pay the ESTATE OF ISAAC HERSKO 50% of all past and future rents, profits, and proceeds derived from the subject properties. Plaintiffs have indicated that they are no longer seeking a money judgment in this case. In regard to the rents and profits from the nine Real Properties they are only seeking a declaration that they are entitled to 50% of the income and profits, and an order that Defendants provide an accounting.

Lastly, Plaintiff's renewed request for a receiver must be denied. Judge Rothenberg, in her decision of April 21, 2022, denied Plaintiff's motion for a receivership, and held that Plaintiff' had not shown irreparable harm or material injury to the properties, and that the value of the subject Real Properties provided sufficient security to the Plaintiff. It is significant in this context that Plaintiffs have always alleged that the agreement between the brothers provided that BARRY HERSKO would manage the

5

[* 5]

properties. Plaintiffs have not shown any change in circumstances that would warrant renewal or that they will suffer irreparable harm without the appointment of a receiver.

WHEREFORE it is hereby ORDERED that Plaintiffs' motion is denied.

This constitutes the Decision and Order of the Court.

E N T E R:

_____
JSC

6

[* 6]